**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

REAL PROPERTY LOCATED AT 2040 ALTON ROAD, MIAMI BEACH, FLORIDA 33140; AND

REAL PROPERTY LOCATED AT 2051 NORTH BAY ROAD, MIAMI BEACH, FLORIDA 33140,

      **Defendants *In Rem.***

---

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit real properties involved in and traceable to proceeds from bank fraud and money laundering.

2.    This action is brought pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), § 985, and the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Federal Rules of Civil Procedure, to forfeit two real properties, including any appurtenances or improvements, constituting or derived from, proceeds traceable to bank fraud in violation of 18 U.S.C. § 1344, and/or as property involved in or traceable to property involved in money laundering in violation of 18 U.S.C. § 1957, more fully described as (collectively, the "**Defendant Assets**"):[1]

---

[1] All dates and amounts referenced in this Verified Complaint are approximate.

i.   Real property located at 2040 Alton Road, Miami Beach Florida 33140, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

Also known as: Lot 8, Block 16, Amended Plat of Sunset Lake Subdivision, according to the plat thereof as recorded in Plat Book 8, Page 52, Public Records of Miami-Dade County, Florida.

Parcel Identification 02-3227-008-1480;

ii.   Real property located at 2051 North Bay Road, Miami Beach Florida 33140, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

Also known as: Lot 27, Block 16, AMENDED PLAT SUNSET LAKE SUBDIVISION, and the Northeasterly 1.27 feet of Lot 28, Block 16, AMENDED PLAT SUNSET LAKE SUBDIVISION, according to the plat thereof, recorded in Plat Book 8, Page 52, of the Public Records of Miami-Dade County, Florida; said Northeasterly 1.27 feet described as follows:

Begin at the said corner of Lot 28, thence run Southwesterly a distance of 1.27 feet to a point; thence run in Southeasterly direction a distance of 121.75 feet to a point; thence run Northeasterly direction a distance of 1.27 feet to the Southwesterly corner of Lot 28; thence run in a Northwesterly direction a distance of 121.75 feet to the point of beginning.

Parcel Identification No. 02-3227-008-1630.

## II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over this subject matter. *See* 28 U.S.C. §§ 1345, 1355(a); 18 U.S.C. § 981(a)(1).

4.   This Court has *in rem* jurisdiction over the Defendant Assets. *See* 28 U.S.C. §§ 1345, 1355(b).

5.   Venue for this action is proper in this District because acts or omissions giving rise to the forfeiture occurred in the Southern District of Florida, the real properties are found in the

Southern District of Florida, and the related criminal prosecution was brought in this District. *See* 28 U.S.C. § 1355(b)(1)(A); 28 U.S.C. § 1395(b); 18 U.S.C. § 981(h).

## III.    FACTUAL ALLEGATIONS

### Relevant Individuals and Entities

6.    Mohammed Alsaloussi resided in South Florida starting around 2013.

7.    Alsaloussi has been also known as (a/k/a) Mohamed Essam El Saloussy, Mohamed Saloussy, Mohamed El Saloussy, and Meedo.

8.    Alsaloussi defrauded Victim-1 in a confidence scheme.

9.    Bank of America's, Bank of New York Mellon's, and First Republic Bank's accounts were insured by the Federal Deposit Insurance Corporation.

### Storm Industries LLC

10.    In or about 2018, Alsaloussi and Victim-1 entered into an agreement to create a company focused on developing and selling a radar-cloaking device.

11.    In or about August 2018, records from the Florida Department of State, Division of Corporations reflect that Storm Industries LLC, a Florida limited liability company, was formed.

12.    The Electronic Articles of Incorporation identify Alsaloussi and Victim-1 as managing members of Storm Industries LLC.

13.    Storm Industries LLC did not actually invest in the device.

14.    Alsaloussi did not actually invest in the device.

### Alsaloussi Holdings LLC

15.    In or about October 2018, records from the Florida Department of State, Division of Corporations reflect that Alsaloussi Holdings LLC, a Florida limited liability company, was formed.

3

16. Records from the Florida Department of State, Division of Corporations identified Alsaloussi as the registered agent and managing member.

**Alsaloussi Estate LLC**

17. In or about October 2018, records from the Florida Department of State, Division of Corporations reflect that Alsaloussi Estate LLC, a Florida limited liability company, was formed.

18. Records from the Florida Department of State, Division of Corporations identified Alsaloussi as the registered agent and managing member.

**CDMA Investments LLC**

19. In or about January 2019, records from the Florida Department of State, Division of Corporations reflect that CDMA Investments LLC, a Florida limited liability company, was formed.

20. Records from the Florida Department of State, Division of Corporations identified Alsaloussi Holdings LLC as the registered agent, and Victim-1 and Alsaloussi Holdings LLC as the managing members.

21. An account was opened at Bank of America ending in 0678 (Account 0678) in the name of CMDA Investments LLC. Bank records identified Alsaloussi as a signatory on that account.

**Alsaloussi defrauds Victim-1 into sending him four wires**

22. Alsaloussi defrauded Victim-1 into making the following four wire transfers of funds from Victim-1 to Alsaloussi:

| Date on or About | From | To | Amount | False Representation |
|---|---|---|---|---|
| September 17, 2018 | Victim-1's First Republic Account 5740 | Alsaloussi's Bank of America account ending | $5,880,000 | Investment in Storm Industries |

| | | in 7227 (Account 7227) | | |
|---|---|---|---|---|
| December 13, 2018 | Victim-1's UBS Account 7993 | Account 7227 | $5,500,000 | Investment in Storm Industries |
| July 5, 2019 | Victim-1's Bank of New York Mellon Account 0018 | CDMA's Account 0678 | $6,350,000 | Investment in Storm Industries |
| April 12, 2021 | Victim-1's First Republic Account 1669 | Account 7227 | $6,389,700 | Purchase of 7333 Belle Meade Blvd., Miami FL 33133 |

23. On or about September 17, 2018, Alsaloussi falsely represented to Victim-1 that he, Alsaloussi, invested $5,880,000 into Storm Industries LLC, to induce Victim-1 to pay $5,880,000 for Storm Industries LLC.

24. On or about December 11, 2018, Alsaloussi contacted Victim-1 to collect on a loan that Alsaloussi falsely claimed he had made to Storm Industries, to induce Victim-1 to pay $5,500,000 for Storm Industries LLC.

25. On or about July 3, 2019, Alsaloussi falsely represented to Victim-1 that he had paid for both his share and Victim-1's investments in Storm Industries, to induce Victim-1 to pay $6,350,000 for Storm Industries LLC.

26. On or about April 12, 2021, Alsaloussi falsely represented that he was selling to Victim-1 real property located at 7333 Belle Meade Boulevard, Miami FL 33133.

27. Using the funds that he fraudulently obtained from Victim-1 through these four wires, Alsaloussi purchased multiple luxury real properties in Miami-Dade County, Florida.

**7333 Belle Meade Boulevard, Miami FL 33133**

28. On or about July 26, 2019, Alsaloussi purchased real property located at 7333 Belle Meade Boulevard, Miami, Florida 33133 for $3,435,000.

29. Alsaloussi purchased 7333 Belle Meade with $3,435,000 traced to Victim-1's wires from July 5, 2019, for $6,350,000, and December 13, 2018, for $5,500,000.

30. On or about July 25, 2019, statements from Alsaloussi's Merril Lynch Brokerage Account 2156 reflect that a call loan was taken for $3,435,000.

31. But-for Victim 1's funds, Alsaloussi's Brokerage Account 2156 would not have had the necessary collateral for the call loan to purchase the real property at 7333 Belle Meade.

32. On or about December 23, 2021, Alsaloussi sold the real property located at 7333 Belle Meade for $8,250,000.

33. Alsaloussi used the proceeds from the sale of 7333 Belle Meade to buy more properties.

**2040 Alton Road, Miami Beach, Florida 33140**

34. On or about December 23, 2021, Alsaloussi Estate LLC purchased real property located at 2040 Alton Road, Miami Beach FL 33140 for $1,550,000.

35. Approximately $1,558,865 in proceeds from sale of 7333 Belle Meade were spent to purchase 2040 Alton Road.

36. The purchase funds for 2040 Alton Road were traced entirely to Victim-1's funds.

37. The deed to the real property located at 2040 Alton Road, Miami Beach, FL 33140 is in the name of Alsaloussi Estate LLC.

38. The real property located at 2040 Alton Road, Miami Beach FL 33140 is a Defendant Asset sought for forfeiture in this case.

**2051 N. Bay Road, Miami Beach, Florida 33140**

39. On or about May 28, 2021, Alsaloussi Estate LLC purchased real property located at 2051 N. Bay Road, Miami Beach FL 33140 for $4,350,000.

40. On behalf of Alsaloussi, approximately $1,350,000 from Account 7227 was sent to purchase 2051 N. Bay Road, along with a $3,000,000 loan secured by a mortgage from Lender 1.

41. The $1,350,000 represents proceeds from Victim-1, derived from the April 12, 2021, $6,389,700 wire.

42. Bank records reflect that between the approximate dates of April 12, 2021, and May 27, 2021, millions of dollars, funded by Victim-1's money, were transferred between Alsaloussi's Account 7227, Account 7230, and Brokerage Account 2156.

43. The following funds were wired from Account 7227 for the purchase of 2051 N. Bay Road:

| From | To | Date | Amount |
|---|---|---|---|
| Account 7227 | Title Company 1 | 5/10/2021 | $500,000 |
| Account 7227 | Title Company 1 | 5/11/2021 | $250,000 |
| Account 7227 | Title Company 1 | 5/12/2021 | $250,000 |
| Account 7227 | Title Company 1 | 5/27/2021 | $237,950 |
| | | Total | $1,237,950 |

44. The deed to the real property located at 2051 N. Bay Road, Miami Beach, Florida 33140, is in the name of Alsaloussi Estate LLC.

45. The real property located at 2051 N. Bay Road, Miami Beach FL 33140 is a Defendant Asset sought for forfeiture in this case.

**The Criminal Indictment**

46. On or about May 1, 2025, in *United States v. Mohammed Alsaloussi*, 25-CR-20199-Ruiz (S.D. Fla.), a federal grand jury returned an Indictment charging Alsaloussi in Counts 1-4

with bank fraud in violation of 18 U.S.C. § 1344 and Counts 5-8 engaging in money laundering in violation of 18 U.S.C. § 1957.

47.     The Indictment contains criminal forfeiture allegations that upon a conviction of a violation of 18 U.S.C. § 1344, Alsaloussi shall forfeit to the United States any property constituting or derived from proceeds the person obtained directly or indirectly as a result of such offense, pursuant to 18 U.S.C. § 982(a)(2)(A).

48.     The Indictment contains criminal forfeiture allegations that upon a conviction of a violation of 18 U.S.C. § 1957, Alsaloussi shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

49.     The Indictment identified the following as subject to forfeiture, among other assets:

    i.   Real property located at 2040 Alton Road, Miami Beach Florida 33140;

    ii.  Real property located at 2051 North Bay Road, Miami Beach Florida 33140.

50.     On or about May 23, 2025, the United States District Court for the Southern District of Florida entered an Order unsealing the Indictment.

## IV.    LEGAL BASIS FOR FORFEITURE

51.     Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a specified unlawful activity, is subject to forfeiture to the United States. Pursuant to 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), bank fraud in violation of 18 U.S.C. § 1344 constitutes a specified unlawful activity.

52.     Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. § 1957], or any property traceable to such property" is subject to forfeiture to the United States.

8

## FIRST CLAIM FOR RELIEF
### Proceeds of Bank Fraud
### (18 U.S.C. § 981(a)(1)(C))

1.      The factual allegations in paragraphs 1 to 50 are re-alleged and incorporated by reference herein.

2.      As set forth above, the **Defendant Assets** constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1344.

3.      Accordingly, the **Defendant Assets** are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF
### Property Involved in Money Laundering or Traceable Thereto
### (18 U.S.C. § 981(a)(1)(A))

4.      The factual allegations in paragraphs 1 to 50 are re-alleged and incorporated by reference as if fully set forth herein.

5.      As set forth above, the **Defendant Assets** were involved in transactions or attempted transactions of an offense in violation of 18 U.S.C. § 1957, and/or constitute property traceable to such property.

6.      Accordingly, the **Defendant Assets** are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, Plaintiff, the United States of America, requests that any and all persons having any claim to the **Defendant Assets** be directed to file and serve their verified claims and answers as required by Rule G(5), of the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, and further requests that the Court declare the **Defendant Assets** condemned and forfeited to the United States of America, and that Plaintiff have such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:    *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov

10

## **VERIFICATION**

I, Lashonda Simpson, hereby verify and declare, under penalty of perjury, that I am a Special Agent with Homeland Security Investigations (HSI) and that the foregoing allegations are true and correct to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers and witnesses, as well as my investigation of this case, together with others, as a Special Agent of HSI.

Executed on this **20** of May 2026.

Lashonda Simpson
Special Agent
Homeland Security Investigations